UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-mj-365 |
| Plaintiff, | |
| vs. | Magistrate Judge Peter B. Silvain, Jr. |
| ERIC MICHAEL PAYNE, | |
| Defendant. | |

**DETENTION ORDER**

This case came before the Court on August 27, 2025 for a detention hearing. Assistant United States Attorney Brent Tabacchi participated on behalf of the Government. Defendant was present at the hearing and was represented by Attorney James Thomas Sanchez. The hearing was held on the Government's motion for pretrial detention (Doc. #5), *i.e.*, for a determination of whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the Defendant and the safety of the community. In making the determination regarding pretrial detention, the Court heard argument from counsel, testimony from witnesses on the Defendant's behalf, and reviewed a report from Pretrial Services.

In addition to the reasons more particularly stated on the record, the Court finds that Defendant is subject to a lengthy period of incarceration if convicted; was not truthful with pretrial services during his interview with regard to hiding funds and therefore poses a substantial risk of noncompliance with supervision; has substantial contacts with individuals in a foreign country and could flee the United States before trial; and, by clear and convincing evidence, is a danger to the community based on the nature and amount of drugs present in the alleged offense, the proffer regarding the impact of cutting agents preventing Narcan's efficacy, and the Defendant mixing

drugs with cutting agents while his minor daughter resided in the household. Additionally, this case is a presumption case. Finally, the Court finds that further drug transactions could be conducted by phone, and no bond conditions set by pretrial services could sufficiently limit Defendant's access to his cell phone or the internet.

For these reasons, the Court finds by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure Defendant's appearance as required and/or the safety of the community.

The Government's motion for pretrial detention (Doc. #5), therefore, is **GRANTED.**

Accordingly, it is hereby **ORDERED** that:

1. The Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Defendants who appeal to a United States District Judge from this Order must, at the same time as filing the appeal, order a transcript of the detention hearing.

**IT IS SO ORDERED.**

August 28, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge